OPINION OF THE COURT
Paul G. Feinman, J.
The factual portion of the misdemeanor information filed in this case alleges that both defendants kicked and hit the complainant and caused her physical injury, after defendant Tejada allegedly took a metal chain from the complainant’s neck. The accusatory part of the misdemeanor information *229 charges both defendants with two counts of assault in the third degree (Penal Law §, 120.00 [1], [2]) and harassment in the second degree (Penal Law § 240.26 [1]). In addition, defendant Tejada is charged with a single count of petit larceny (Penal Law § 155.25). As is the custom and practice in New York County, the prosecution has filed a single accusatory instrument, and has simply delineated by use of a parenthetical the fact that only defendant Tejada is charged with petit larceny.
Both defendants move to dismiss the accusatory instrument on the ground that it is defective because it violates the joinder rules for misdemeanors set forth in CPL 100.15 (2). As the charges arise out of the same criminal transaction, if they were felonies they could be prosecuted in a single indictment. However, because the charges here are misdemeanors, CPL 100.15 (2) applies. Contrary to the People’s assertion, although the offenses are joinable, the defendants cannot be joined because the stricter provision of CPL 100.15 (2) is not satisfied. While the result may appear anomalous, it is dictated by the statute’s plain language. Whether it is wise to continue this more restrictive provision for misdemeanor complaints and in-formations or whether the joinder statute should be jettisoned or amended is a decision for the Legislature, and not for the court. Accordingly, for the reasons set forth below the defendants’ motion is granted.
CPL 100.15 concerns the form and content of misdemeanor informations and misdemeanor and felony complaints. Subdivision (2) provides: “The accusatory part of each such instrument must designate the offense or offenses charged. As in the case of an indictment, and subject to the rules of joinder applicable to indictments, two or more offenses may be charged in separate counts. Also as in the case of an indictment, such instrument may charge two or more defendants provided that all such defendants are jointly charged with every offense alleged therein.” (CPL 100.15 [2] [emphasis added].)[1] The provisions of this subdivision specifically incorporate by reference the rules of joinder for indictments set forth in CPL 200.20 and 200.40. *230 CPL 200.20 concerns joinder of offenses into one accusatory instrument, and is not at issue in this case. The parties concede that the offenses here are all joinable, arising as they do, out of the same criminal transaction. CPL 200.40, which concerns joinder of defendants, is relevant to the court’s analysis. It provides:
“1. Two or more defendants may be jointly charged in a single indictment provided that:
“(a) all such defendants are jointly charged with every offense alleged therein; or
“(b) all the offenses charged are based upon a common scheme or plan; or
“(c) all the offenses charged are based upon the same criminal transaction * * * or
“(d) if the indictment includes a count charging enterprise corruption” (CPL 200.40 [1]).
Thus, when reading CPL 100.15 (2) in conjunction with CPL 200.40 (1), it is apparent that although CPL 100.15 (2) states many of its provisions are the same “as in the case of an indictment”, there is a significant caveat contained in the statute. While CPL 200.40 allows two or more defendants to be jointly indicted for one of four reasons, CPL 100.15 (2) mandates that a misdemeanor information or complaint “may charge two or more defendants provided that all such defendants are jointly charged with every offense alleged therein.” (CPL 100.15 [2] [emphasis added].) The ability to join defendants in one information or complaint is thus much more restrictive than when joining defendants in an indictment.
The genesis of this conflicting approach is rooted in the legislative history of these two sections. In 1970 (L 1970, ch 996, § 1), the New York State Legislature repealed the old Code of Criminal Procedure and enacted the new Criminal Procedure Law.[2] When drafting the new Criminal Procedure Law, the drafters “considered and expressly rejected” the liberal rule for joinder propounded under the Federal Rules of *231 Criminal Procedure,[3] believing that restrictive joinder provisions would best facilitate a fair and orderly conduct of trials. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 200.40, at 448, citing Proposed NY CPL 200.40, at 175 [Sept. 1975].) The 1970 version of CPL 200.40 provided: “1. Two or more defendants may be jointly charged in a single indictment provided that all such defendants are jointly charged with every offense alleged therein. Even in such case, the court, upon motion of a defendant or the people made at any time before trial, may for good cause shown order in its discretion that any defendant be tried separately from the other or from one or more or all of the others.” The new law allowed joinder only in cases where the defendants and all the offenses were the same. This pertained to indictments as well as to misdemeanor complaints and informations. The restrictive rule was made applicable to misdemeanors through the provisions of CPL 100.15 (2), and that aspect of the rule has not been amended since 1970.
In 1984 (L 1984, ch 672, §§ 2, 3), the Legislature amended the rules for indictments in an attempt to alleviate the increasing burden on the State courts. There were numerous complaints that the law had become too restrictive and that by requiring all defendants and all offenses to be the same, it had resulted in unanticipated burdens on the criminal justice system, often requiring more than one trial with much of the same evidence, and necessitating the same crime victims and other witnesses to testify more than once.[4] As explained by the office of New York City’s Mayor, “The present law * * * has caused a dramatic increase in the number of trials which must occur in multiple defendant cases and imposed an undue burden upon victims and witnesses who have been required to testify at several different trials. This duplication of effort required of our justice system which multiple trials in which substantially the same evidence is offered against a selected *232 group of defendants by the same victims and witnesses is inefficient and wasteful. An offshoot of the delays in the present process is the abandonment of prosecutions of important crimes solely to avoid multiple trials. The adoption of this present legislation would avoid these inefficient and unjust results.” (Bill Jacket, L 1984, ch 672, at 32.) The legislative solution was to add paragraphs (b) and (c) to CPL 200.40 (1), providing a total of three situations in which defendants could be joined in one indictment.[5] There appears to have been no discussion concerning amending CPL 100.15 (2), either to make it conform with the amended indictment rule, or to delete the now extraneous language relating to indictments. Whether this was legislative oversight or intentional cannot be discerned from the materials available. Nonetheless, the law as it now stands allows four situations in which multiple defendants may be joined for prosecution under one indictment, but only one scenario where multiple defendants may be joined for prosecution under one information or complaint.
When a complaint or information fails to meet the statutory requirements of CPL 100.15, a defendant’s remedy is a motion to dismiss pursuant to CPL 170.30 and 170.35. (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.15, at 228.) Defendants have moved to dismiss the accusatory instrument pursuant to CPL 170.35. CPL 170.35 states in part that an information is defective when it is insufficient pursuant to CPL 100.40. CPL 100.40 (1) (a) provides that an information must “substantially conform [ ] to the requirements prescribed in section 100.15”, which the information in the instant case fails to do, as discussed above.
When the People first responded to defendants’ motion to dismiss they failed to address this issue. After being given a second chance to amend their response to the defendants’ motion to dismiss, they did so by relying on case law and statutes applicable to felonies and point to no case law or legislative history which would support ignoring the plain dictates of the CPL. Moreover, they have failed to take any action to correct the defect in the accusatory instrument. They could have moved to amend the accusatory instrument or for severance. Alternatively, they could have superseded the instant misdemeanor information with two separate misdemeanor informations, one as to each defendant. In this case, however, the *233 People have made no motion to sever the defendants pursuant to CPL 100.45. Because the accusatory instrument fails to comply with the statutory requirements set forth in CPL 100.15, and because the People have not moved to correct the defect although given an opportunity to do so, defendants’ motion to dismiss is granted.

. The Criminal Procedure Law often treats misdemeanor complaints, misdemeanor informations, and indictments in the same manner. For instance, a criminal action is commenced either by the filing by the Grand Jury of an indictment, or by the filing of a misdemeanor information or complaint in criminal court. (CPL 100.05.) The provisions governing bills of particulars with respect to indictments apply also to informations and misdemeanor complaints. (CPL 100.45 [4].) The rules regarding summonses pertain to all the accusatory instruments under discussion. (See, CPL art 130.) The rules governing severing counts or defendants in an indictment and of *230 consolidation of indictments for trial purposes also apply to misdemeanor in-formations and misdemeanor complaints. (CPL 100.45 [1].)

. As stated at the time, “[T]he proposed Criminal Procedure Law bears little resemblance to the distinctly archaic Code of Criminal Procedure. Ignoring the existing Code format, it lays a new foundation and, in the process, proposes numerous significant changes of substance in an attempt to provide a workable body of procedure accommodated to modem times”. (Mem of Commn on Rev of Penal Law and Crim Code, 1970 NY Legis Ann, at 37.)

. The Federal rule stated that multiple defendants “may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.” (Fed Rules Crim Pro, rule 8 [b].)

. According to the State of New York Division of Criminal Justice Services, the 1970 version of CPL 200.40 was “unduly restrictive” and “creates erroneous, unnecessary burdens on victims and witnesses, and has been a major contributor to the staggering backlog of cases in our criminal courts.” (Mem of Div of Crim Just Servs, Bill Jacket, L 1984, ch 672, at 11.) In a similar vein, the State of New York Unified Court System, Office of Court Administration, stated that easing the restrictions “may ease court congestion”. (Mem of Off of Ct Admin, 1984 McKinney’s Session Laws of NY, at 3880.)

. In 1986 (L 1986, ch 516, § 6), CPL 200.40 was again amended to add a fourth joinder provision, as part of the legislative response to organized crime; subdivision (1) (d) concerns “enterprise corruption”.